[No. 2325]

L. H. McKIBBIN, Petitioner, v. THE DISTRICT
COURT OF THE SECOND JUDICIAL DISTRICT
OF THE STATE OF NEVADA, IN AND FOR
THE COUNTY OF WASHOE, AND HONORABLE
THOMAS F. MORAN, JUDGE OF SAID DISTRICT
COURT, RESPONDENTS.

[171 Pac. 374]

1. INSANE PERSONS—ACTIONS—APPOINTMENT OF GUARDIAN AD
LITEM.
    Under Rev. Laws, 4992, as to appointment of guardian *ad
litem*, such appointment may be made for an insane defendant
in any case where jurisdiction of the subject-matter has been
acquired.

2. INSANE PERSONS—ACTIONS—GUARDIAN AD LITEM—INSANE NON-
RESIDENT DEFENDANT—DIVORCE SUIT.
    Under Rev. Laws, 4992, the court may appoint a guardian
*ad litem* for a nonresident insane defendant in a divorce suit;
the action being substantially *in rem*.

ORIGINAL PROCEEDING in *certiorari* by L. H. McKibbin
against the District Court of the Second Judicial District
of the State of Nevada, in and for Washoe County, and
Thomas F. Moran, Judge thereof.    **Dismissed.**

*H. V. Morehouse*, for Petitioner:

The question involved is the construction to be given to
section 4992, Revised Laws.    The lower court took the
view that the words "any case" mean that should the
pleadings show that the defendant was a nonresident or
insane person, and not appearing in court by a general
guardian (or even if so appearing), the court had the
power to appoint a guardian *ad litem;* or that, if it should
appear to the satisfaction of the court that the defendant
was a nonresident infant or insane person, the court had
the power, and it was his duty, to appoint a guardian *ad
litem*, upon the theory that the court was sitting in equity,
and was thereby authorized as a chancellor to exercise the
power over the insane defendant as a "ward" of the court.

No court, either of law or equity, has any power over
an infant or insane defendant unless (1) such infant or
insane defendant is a "ward" of the court, and a non-
resident insane defendant or infant is not, and cannot be,

the "ward" of the court; or (2) unless the nonresident infant or insane person defendant owns or has some property right involved in the litigation, within the territorial jurisdiction of the court. Section 4992, Revised Laws, must be construed with and as part of the general law of the state and in harmony with such general law. The statute nowhere contemplates the appointment of a guardian *ad litem* in a cause where the law would not authorize the appointment of a general guardian. (*Granfier* v. *Puymival*, 19 Cal. 629.) Where no general guardian can be appointed, there can be no guardian *ad litem*. (*Dupuy* v. *Hunt*, 2 La. Ann. 562.) "Jurisdiction by our court over an absentee defendant, by the appointment of a curator *ad hoc* to represent him, is only acquired when the subject-matter of the suit and the nature of the proceeding render such an appointment proper." (*Walker* v. *Sanchez*, 13 La. Ann. 505; *Hunt* v. *Johnson*, 1 Freeman, Ch. 282.)

The lower court arbitrarily appointed a guardian *ad litem*, when the defendant is not and never was a resident of the state, and has not and never had any property therein, and where the state has no control over the person or property of the defendant, and proposes to force an appearance and personal jurisdiction. Such an order was beyond and in excess of the jurisdiction of the court. (*Geier* v. *McLendon*, 7 Ga. 362; *Augusta Ins. Co.* v. *Morton*, 3 La. Ann. 417; Woerner on Guardianship, p. 63; Pomeroy, Equity Juris., vol. 3, secs. 1305, 1306.)

It may be contended that the *res* or status of marriage is before the court, and therefore the court, having jurisdiction of the cause of action, owing to the plaintiff being a bona-fide resident, and the publication of the summons being legally made, the defendant is before the court, thereby authorizing the court to enter her appearance by the appointment of a guardian *ad litem*. Such is not the law. The publication of a summons against a nonresident never brings the defendant before the court; it only enables the court to take jurisdiction of the status of marriage, the summons operating simply as notice to the

defendant and not as a writ or process. The defendant
is not before the court. (*De La Montanya* v. *De La
Montanya*, 44 Pac. 345.)

*Hoyt, Gibbons, French & Springmeyer*, for Respondents:

It is the duty of a court to appoint a guardian *ad litem*
to represent an insane defendant. (*Harrison* v. *Rowan*,
Fed. Cas. No. 6143, 4 Wash. C. C. 202; *Fietsam* v. *Kropp*,
6 Ill. App. 144; *Ryder* v. *Topping*, 15 Ill. App. 216; *In Re
Hewitt*, 3 Bland, 184; *Mansfield* v. *Mansfield*, 13 Mass. 412;
*Bensieck* v. *Cook*, 110 Mo. 173; *Markle* v. *Markle*, 4 Johns.
Ch. 168; *Montgomery* v. *Montgomery*, 3 Bart. Ch. 132;
*Sturgis* v. *Longworth*, 1 Ohio St. 544; *Boyce* v. *Lake*, 17
S. C. 481; *Speak* v. *Metcalf*, 2 Tenn. Ch. 214; *Steifel* v.
*Clark*, 68 Tenn. 466.)

An action for divorce is a suit in equity. (*Lyons* v. *Lyons*,
18 Cal. 447; *Sharon* v. *Sharon*, 67 Cal. 185; *Wadsworth* v.
*Wadsworth*, 81 Cal. 82.)

By the Court, COLEMAN, J.:

This is an original proceeding in *certiorari* to review an
order of the Second judicial district court of the State of
Nevada, made *sua sponte*, appointing a guardian *ad litem*
for an insane defendant in a divorce suit, it being the con-
tention of the petitioner that in making the appointment
the court exceeded its jurisdiction.

The statute under which the court acted in making the
appointment of a guardian *ad litem* is section 4992, Revised
Laws, which reads:

"When an infant, or an insane or incompetent person
is a party, he must appear either by his general guardian
or by a guardian *ad litem* appointed by the court in which
the action is pending, in each case. A guardian *ad litem*
may be appointed in any case, when it is deemed by the
court in which the action or proceeding is prosecuted, or
by a judge thereof, expedient to represent the infant,
insane, or incompetent person in the action or proceeding,
notwithstanding he may have a general guardian and
may have appeared by him."

It is the contention of petitioner that the district court has no jurisdiction to appoint a guardian *ad litem* for an infant or insane defendant, unless such defendant is: (1) A ward of the court, or (2) owns or has some property right in the state which is involved in the litigation; and it is contended that since defendant is a nonresident of Nevada she cannot be a ward of the court, and as no property rights are involved in the divorce action, the order appointing a guardian *ad litem* was in excess of the jurisdiction of the court.

It is insisted that the legislature, in enacting the section of the statute quoted, meant to legislate in behalf only of such infants and insane persons as were residents of the state, or who had property rights within the state.    For the purpose of presenting an argument in support of his contention, counsel for petitioner rears a straw man and then proceeds to demolish it.    He says in his brief:

"To illustrate, no action *in personam* will lie against a nonresident.    Now section 4902, Revised Laws, says nothing about actions *in personam* or *in rem* or *quasi in rem* or as to the procedure or process of serving defendants, whether sane or insane or infants or adults.    Suppose, then, A should sue B upon a promissory note for $5,000 made by B in Nevada when sane, and after making the note B should go to Alabama and become a resident of Alabama, and there goes insane and is sent to an asylum. Could the court appoint a guardian *ad litem* for B as such defendant, and by appearance through such guardian *ad litem* proceed to judgment and render a judgment *in personam?*    No.    But if the court's construction of section 4992, Revised Laws, is correct, then the court should confer upon itself jurisdiction, and enter a judgment *in personam*, by appointing a guardian *ad litem*, because the defendant was an insane defendant.    The guardian *ad litem* represents the defendant.    His appearance by demurrer or answer is the appearance of the defendant."

There is no parallel between the case presented to the district court and the hypothetical case presented by counsel.    In the imaginary case the court would be

powerless to enter any kind of an order, for the reason that no jurisdiction could be obtained to put the machinery of the court in motion, while in the case presented in the petition herein the machinery of the court was set in motion by the constructive service of summons upon the defendant, and the court thereby acquired jurisdiction to hear and determine.

**1.** We cannot agree with counsel for petitioner that the appointment and appearance of a guardian *ad litem* would constitute such an appearance on the part of the defendant as would be equivalent in legal effect to a personal appearance by a "sane" defendant. (*Rhoads* v. *Rhoads*, 43 Ill. 239.) There is only one question involved under the allegations of the complaint filed in the divorce action, and that pertains solely to the petitioner's right to a divorce. Counsel concedes the authority of the court to appoint a guardian *ad litem* for a nonresident insane defendant in an action in which property rights are involved, even though of limited value. This is an action substantially *in rem,* and to our mind the right to have the marriage status preserved is one which may be of incalculable value to the defendant. The defendant is helpless; she cannot defend herself; if the court is without jurisdiction to appoint some one to defend her, gross fraud and injustice may be perpetrated upon her. We are of the opinion that the courts of this state may appoint a guardian *ad litem* in any case in which the defendant is insane, whether resident or nonresident, in which jurisdiction to hear and determine the matter involved has been acquired. To hold to the contrary would be to open wide the door for the perpetration of fraud.

**2.** A nonresident defendant in a divorce action has a right to defend such a suit, and that right should not be forfeited merely because the defendant happens to be insane. As was said in *Malin* v. *Malin,* 2 Johns. Ch. (N. Y.) 240:

"A person incompetent to protect himself, from age or weakness of mind, * * * ought to come under the protection of the court."

Greater reasons exist for the enforcement of this rule in divorce actions, because of the interest of the public in the preservation of the marriage status. The power of the court to make the appointment complained of cannot be doubted.

It is urged by appellant that certain language in the opinion in *De La Montanya* v. *De La Montanya*, 112 Cal. 101, 44 Pac. 345, 32 L. R. A. 82, 53 Am. St. Rep. 165, where there had been no personal service, wherein the authority of the trial court to enter a decree relative to alimony and the custody of the children of the parties was considered, sustains his contention. We are unable to so view the matter. About all that was decided there was that, in view of the lack of personal service of summons upon the defendant, the trial court had before it to act upon only the marriage status, and that so much of the judgment as pertained to alimony and the custody of the children was erroneous. The reasoning in that case would apply with equal force to an action to quiet title to real estate where the defendant was a nonresident and where service of summons was obtained by publication.

It is ordered that the proceedings be, and the same are hereby, dismissed.