ISABEL BREEN, Plaintiff, *v.* WILLIAM J. BREEN, JR., Defendant.

Supreme Court, Special Term, New York County, March 31, 1951.

*John S. Chapman, Jr.*, and *Frederick M. Schlater* for plaintiff.

*Frank Delaney* for defendant.

*Vincent de P. Farrell* for corespondent.

HOFSTADTER, J. In this action for a divorce the plaintiff wife founds her charge of misconduct on the defendant's admitted marriage to the corespondent after he had obtained a divorce decree against his wife in the Second District Court of Nevada, County of Washoe. The critical issue is the validity of this Nevada divorce decree. In the interest of brevity the plaintiff here is referred to as the wife and the defendant as the husband.

The husband began the Nevada divorce action in December, 1945, alleging as the ground therefor the wife's incurable insanity. At the time the wife was confined in a State hospital in Connecticut to which she had been duly committed. In January, 1946, the wife's mother filed a petition in the Court of Probate in Greenwich, Connecticut, in which she stated that the wife by reason of mental derangement was incapable of managing her affairs and prayed for the appointment of a conservatrix of the wife's person and estate. On this petition the mother was duly appointed and promptly qualified as such conservatrix. On January 24, 1946, the Greenwich Court of Probate, on the application of the mother as conservatrix, made an order authorizing the conservatrix to appear and answer or otherwise move in the Nevada divorce action. Pursuant to this authorization of the Connecticut court the mother, as conservatrix, petitioned the Nevada court for her appointment as guardian ad litem of the wife in the divorce action. On this petition the Nevada court appointed the mother guardian ad litem of the wife, " an insane person," and authorized her to defend the action for the wife at the expense of the husband. The mother as guardian ad litem filed an answer verified by her and also moved to dismiss the action for lack of jurisdiction. After denial of this motion the action proceeded to final decree entered on February 2, 1946.

Though the wife's insanity then appeared incurable she has since been restored by resort to surgery. Having recovered, she now seeks to repudiate the appearance on her behalf in the divorce action and challenges the divorce decree as a nullity for lack of jurisdiction over the marital *res*. If the wife had been competent and had herself appeared by attorney in the Nevada action she would be foreclosed from attacking the validity of the divorce decree. (*Senor* v. *Senor*, 272 App. Div. 306, affd. 297 N. Y. 800.) In my opinion, she is equally concluded by the proceedings taken for her by her mother, as conservatrix and guardian ad litem.

The appointment of the wife's mother as guardian ad litem was made pursuant to express statutory authority in Nevada. (Nevada Compiled Laws, §§ 8549, 8550.) The appointment was valid under the Nevada law and would be upheld by Nevada courts. (*McKibbin* v. *District Court*, 41 Nev. 431.) The mother, as guardian ad litem, acted freely and in what she then believed to be in the interest of her daughter and nothing appears to impugn her good faith. In my opinion I must accord the procedural steps taken in accordance with Nevada law, in the circumstances here shown, full faith and credit. They constitute an appearance by the wife in the action and forbid further inquiry into the jurisdiction of the Nevada court. (*Johnson* v. *Muelberger*, 340 U. S. 581; *Williams* v. *North Carolina*, 325 U. S. 226.) The appointment of a guardian ad litem to defend an action for divorce on behalf of an insane person does not offend our public policy. The complaint must be dismissed.

The foregoing constitutes the decision. Settle judgment accordingly.